

FILED
JAN 17 2012
DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSEPH ANTHONY SORRELL           PLAINTIFF

VS.           CIVIL ACTION 1:12-CV-011-MPM-DAS

CHARLES RINEHART, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF ALCORN COUNTY
MISSISSIPPI, AND INDIVIDUALLY AND

SCOTT A. BROWN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
OF DEPUTY SHERIFF OF ALCORN COUNTY.
MISSISSIPPI AND,

ALCORN COUNTY, MISSISSIPPI           DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Joseph Anthony Sorrell, by and through his Attorney and for his Complaint for relief states the following:

(1) Plaintiff, an African American, is an adult resident citizen of Alcorn County, Mississippi whose address 191 CR 514, Rienzi, MS 38865.

(2) Defendant, Scott A. Brown, a white male, is now an adult resident of the State of Kentucky.

(3) Defendant Charles Rinehart, a white male, is an adult resident citizen of Alcorn County, Mississippi residing at 10 Rolling Wood Circle, Corinth, MS 38834.

(4) Alcorn County, Mississippi is a political subdivision of the State of Mississippi

## JURISDICTION

(5) This Court has jurisdiction pursuant to 28 USC Section 1331 and Pendent jurisdiction over the State law claims.

## JURY TRIAL REQUEST

(6) Plaintiff request a jury trial in the above styled and numbered cause.

## FACTS

(7) On October 20, 2010, a Wednesday morning at approximately 8:45 A.M. Scott A. Brown, acting as a Deputy Sheriff of Alcorn County, Mississippi made a traffic stop of the Plaintiff in the City of Corinth, Alcorn County, Mississippi. Plaintiff, an African American, was speeding on US Highway 72 inside the city limits of Corinth. Deputy Brown began to pursue Plaintiff and the stop occurred shortly after Plaintiff turned off Hwy 72 onto North Parkway Street. Defendant Brown alleged that Plaintiff was driving at a high rate of speed and endangered other motorists. Defendant Brown's report states, " The above subject (Plaintiff ) was ordered to turn off motor and step out of the car. He immediately stated that he worked for Darrell Hopkins of the Sheriff's Department. He was patted down and found to have a concealed pistol with the hammer back and one round in the chamber in his front right pocket. He was also found to have in his possession another revolver handgun under the seat, a pair of handcuffs, and two keys to handcuffs. Corinth Police Officers at the scene stated for some time he has told officers that he was working with the Sheriffs Department and that he even had a badge at one time."

The report failed to described the activities at the stop other than the allegations about what Plaintiff said and the finding of weapons. Plaintiff states that he did not see the blue lights

and did not hear the siren until he was almost to North Parkway and when he did hear the siren and saw the blue lights, he pulled into North Parkway and stopped his vehicle. Plaintiff further states that he was speeding due to hearing a report of a burglary in the vicinity of where his Mother lived. Plaintiff advised Defendant Brown why he was speeding and the Defendant told him to cut off the motor and get out of the car. Plaintiff did as instructed, at which time Defendant Brown handcuffed him and then patted him down. He kicked him on the inside of the left ankle causing his left leg to twist and then slammed him down onto the car hood. Plaintiff told Defendant Brown that he had a bad back and Defendant Brown responded that he did not give a damn about his back.

Defendant Brown charged Plaintiff in Justice Court of Alcorn County with Felony fleeing from an Officer in violation of Section 97-9-73 B, Reckless Driving in violation of Section 63-3-1201, Falsely pretending to be an officer or employee acting under the authority of the State of Mississippi or the Alcorn County Sheriff's Department in violation of Section 97-7-43 and carrying a concealed weapon on his person in violation of Section 97-37-1. Officer Brown's report mentioned a charge of violation of Section 97-9-72 B, but no affidavit for such charge was ever filed.

Plaintiff made a $5,000.00 appearance bond and appeared in Justice Court of Alcorn County. He plead guilty to reckless driving and failure to yield to a blue light, both misdemeanors. The charge of carrying a concealed weapon and felony fleeing were dismissed.

Plaintiff states that he had, previous to this incident, been a cooperating individual, with the Alcorn County Sheriff's Department. That Narcotics officer, Darrell Hopkins, had fingerprinted him and had given him assignments in furtherance of narcotics investigations and that Sheriff Rinehart was aware of his cooperation.

Plaintiff states that, once he realized he was being stopped by a law enforcement officer, he followed the officer's instructions and did not resist arrest. Plaintiff states that Deputy Brown was very belligerent, cursed him, handcuffed him with his hands behind his back, kicked him in the left ankle area to force his legs apart and then slammed his upper torso onto the hood of his vehicle, while his hands were handcuffed behind his back.

Plaintiff states that as a proximate cause or proximate contributing cause of the kick to his left ankle area, his leg twisted causing his knee injury or aggravating an existing injury and the slamming him to the car hood caused an injury to his lower back or aggravated a pre-existing condition of his lower back which resulted in a requirement for a partial meniscectomy on his left knee and surgery on his lower back.

Plaintiff further states that by and through his Attorney, he gave notice to the Chancery Clerk of Alcorn County and the Sheriff of Alcorn County, by hand delivering a copy to the Clerk and the Sheriff, of his State claims in compliance with Section 11-46-1 et seq , Mississippi Code of 1972, as amended.

## FEDERAL CLAIMS

(8) EXCESSIVE FORCE CLAIM AGAINST DEFENDANT BROWN:

Plaintiff states that Defendant Brown, individually and in his official capacity as a Deputy Sheriff violated his United States Constitutional rights protected by the 4th Amendment by using excessive force against him at the time of his arrest and this action is brought pursuant to 42 USC Section 1983 . Plaintiff states that the excessive force of kicking him in the left ankle area and slamming his upper torso into the hood of the car while his hands were handcuffed behind his back caused serious injury to his body and that such actions were clearly in violation of his 4th Amendment right to be free of such excessive force. The kicking and

slamming Plaintiff onto the car hood while handcuffed was not objectively reasonable and was in violation of his clearly established constitutional rights.

(9) FIRST AMENDMENT CLAIM AGAINST DEFENDANT BROWN:

Plaintiff alleges that once he was stopped he attempted to explain his actions to Deputy Brown, however, when he spoke to Brown, he became enraged and cursed Plaintiff and became physical with him and kicked him and slammed his upper torso onto the hood of his car. The actions of Defendant Brown were the result of his taking offense to Plaintiff expressing clearly protected speech. This claim is brought pursuant to 42 USC Section 1983.

(10) FOURTEENTH AMENDMENT CLAIM AGAINST DEFENDANT BROWN:

Plaintiff alleges that the actions of Defendant Brown of kicking him and slamming him to the car hood was done because he was an African American and he made attempts to explain his actions to the Defendant.

(11) CLAIMS AGAINST SHERIFF RINEHART:

Sheriff Rinehart is vicariously liable for the actions of Deputy Brown pursuant to Section 19-25-19 Mississippi Code of 1972, as amended.

Sheriff Rinehart failed to properly supervise the actions of Deputy Brown. He denied knowledge of the relationship of Plaintiff with the Sheriff's Department. Sheriff Rinehart was aware that Deputy Brown and other deputies routinely discriminated against African Americans. Sheriff Rinehart failed to properly train the Deputies working for him.

(12) CLAIMS AGAINST ALCORN COUNTY:

Alcorn County failed to properly train Deputy Brown.

Alcorn County Sheriff's Department maintained a custom or policy of using excessive force against Defendants and denying freedom of speech to Defendants. The Sheriff's

Department routinely charged Defendants with crimes without any basis of fact and charged them with disorderly conduct when they exercised their First Amendment rights.

## STATE LAW CLAIMS

(13) STATE LAW CLAIM OF ASSAULT AND BATTERY AGAINST DEFENDANT BROWN:

Plaintiff alleges that Defendant Brown did commit an assault and battery to his person by kicking him in the left knee area and by slamming his upper torso onto the hood of his car causing serious bodily injury or causing serious aggravation of existing bodily conditions resulting in him having surgery on his left knee and lower back.

(14) STATE LAW CLAIM OF STATE CONSTITUTIONAL VIOLATIONS BY DEPUTY BROWN:

Plaintiff incorporates the allegations set out in the excessive force Federal claim and alleges that Defendant Brown violated his Article 3, Section 23 rights of the Mississippi Constitution of 1890.

(15) STATE LAW CLAIMS AGAINST SHERIFF RINEHART:

Sheriff Rinehart is vicariously liable for the actions of Deputy Brown pursuant to Section 19-25-19 Mississippi Code of 1972, as amended.

Sheriff Rinehart is liable for the actions of Deputy Brown pursuant to Section 11-46-1 et seq. Mississippi Code of 1972, as amended.

(16) STATE LAW CLAIMS AGAINST ALCORN COUNTY:

Alcorn County is liable pursuant to Section 11-46-1 et seq, Mississippi Code of 1972, since Deputy Brown was acting in the scope and performance of his duties when he assaulted

and committed a battery against Plaintiff:

(17) As a direct and proximate result of the Section 42 USC 1983 constitutional violations and the assault and battery by Defendant Brown upon the Plaintiff, he suffered serious injuries or aggravated pre existing injuries and incurred medical expenses in the sum of approximately $15,000 and will suffer future medical expenses and suffered pain and suffering and will suffer pain in the future and suffered violations of his constitutional rights.

## DEMAND

Plaintiff sues Defendants, individually and in their official capacity and demands Judgment of $250,000.00 together with a reasonable Attorney's fee and all cost of Court.

*/s/ Danny L. Lowrey*
DANNY L. LOWREY
ATTORNEY FOR PLAINTIFF
2703 CR 402
CORINTH, MS 38834
662-287-7267
662-287-8900 FAX
MS BAR # 1465